UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | CAUSE NO.: 2:08-CR-198-TLS-APR |
| JAMES W. KERN | |

**OPINION AND ORDER**

The Court is in receipt of the Letters [ECF No. 59, 62] mailed by Defendant James W. Kern, as well as the letter from Hugo and Anna Gergely [ECF No. 61].

In his letters, the Defendant makes numerous requests and complaints, which fall broadly into two categories. First, he challenges certain procedures at the prison where he is located, including those related to preventing the spread of Covid-19. *See, e.g.*, Feb. 12, 2021 Letter 5, 7, ECF No. 62. He also requests various forms of relief from the Prison itself, including permission to contact his brother and certain programs in which he would like to take part. *Id.* at 5; Mar. 1, 2020 Letter 3, ECF No. 59. However, the Court does not intervene in decisions within the purview of the warden and the Bureau of Prisons and, therefore, will not grant any relief related to prison conditions specifically. *See Del Raine v. Williford*, 32 F.3d 1024, 1042 (7th Cir. 1994). Similarly, the Court does not grant relief related to the execution of sentences, as that is an administrative function under the authority of the Office of Attorney General, which has delegated the task to the Bureau of Prisons. *See, e.g.*, *United States v. Wilson*, 503 U.S. 329, 334 (1992).[1]

---

[1] The letter from Hugo and Anna Gergely falls into this category as well, as those individuals ask that the Defendant serve the rest of his time in Germany.

The Defendant also makes several requests for relief from his sentence. He references potential constitutional issues related to his sentence, including ineffective assistance of counsel, and the extent of the spread of Covid-19 within his facility. However, he has not moved for relief on any basis the Court can address. *See Golden v. Zwickler*, 394 U.S. 103, 108 (1969) ("(T)he federal courts established pursuant to Article III of the Constitution do not render advisory opinions." (quoting *United Public Workers of American (C.I.O.) v. Mitchell*, 330 U.S. 75, 89 (1947))); *Grzanecki v. Bravo Cucina Italiana*, 408 F. App'x 993, 996 (7th Cir. 2011) (approving the district court's refusal to provide legal advice to a pro se party); *Brown v. Sanders*, No. 4:11-CV-026, 2011 WL 1832924, at *2 (N.D. Ind. May 13, 2011) (stating that the court "may not give [a pro se party] legal advice").

Because the Defendant has not requested relief the Court can provide or filed a Motion such that the Court can rule, the Defendant's requested relief is DENIED without prejudice. However, the Court REFERS the letters to the United States Bureau of Prisons for review and consideration. The Clerk of Court is DIRECTED to mail a copy of this Order to the Defendant and to the Warden at the facility where the Defendant is being held.

SO ORDERED on April 2, 2021.

s/ Theresa L. Springmann
JUDGE THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT